# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-0511V
### Filed: September 29, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| LAURA KERRIN, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| v. | * | Hepatitis B Vaccine; Shoulder Injury |
| | * | Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | * | ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA*, for petitioner.
*Claudia B. Gangi, U.S. Department of Justice, Washington, DC*, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On April 26, 2016, Laura Kerrin ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she received the Hepatitis B vaccine in her left shoulder on January 20, 2015, and subsequently suffered from injuries that were caused in fact by the vaccination. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On August 8, 2016, the undersigned issued a ruling on entitlement finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On September 29, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $75,998.08, representing compensation for lost earnings ($998.08) and actual and projected pain and suffering reduced to net present value ($75,000.00). Proffer at 1-2. In the Proffer,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

respondent represented that petitioner agrees with the proffered award. *Id.* at 1. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $75,998.08, representing compensation for lost earnings ($998.08), and pain and suffering ($75,000.00), in the form of a check payable to petitioner, Laura Kerrin.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                                      )
LAURA KERRIN,                                         )
                                                      )
                    Petitioner,                       )
                                                      )          **No. 16-511V**
v.                                                    )          **Chief Special Master Dorsey**
                                                      )          **(ECF)**
SECRETARY OF HEALTH AND                               )
HUMAN SERVICES,                                       )
                                                      )
                    Respondent.                       )
_____ )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.   Items of Compensation**

   A.  Lost Earnings

   The parties agree that based upon the evidence of record, Laura Kerrin has suffered a past loss of earnings as a result of her vaccine-related injury.  Therefore, respondent proffers that the Court should award Laura Kerrin a lump sum of $998.08 for her lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

   B.  Pain and Suffering

   Respondent proffers that the Court should award Laura Kerrin a lump sum of $75,000.00 for her actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  See § 300aa-15(a)(4).  Petitioner agrees.

1

## II.  Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $75,998.08, representing compensation for lost earnings ($998.08), and pain and suffering ($75,000.00), in the form of a check payable to petitioner, Laura Kerrin.

## III.  Summary of Recommended Payment Following Judgment

Lump sum payable to petitioner:                    **$75,998.00**

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Senior Trial Counsel
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:  (202) 616-4138


Dated:  September 29, 2016